Opinion issued May 27, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00784-CR




DEBORAH ANN GUEDEA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 949701




MEMORANDUM OPINION
          Appellant, Deborah Ann Guedea, was convicted by a jury of the offense of
prostitution, enhanced by two prior felony convictions for possession of a controlled
substance.


 The jury sentenced appellant to confinement for three and one-half years, and
appellant appeals, challenging the legal and factual sufficiency of the evidence to support her
conviction. 
BACKGROUND
           Officer E. Zepeda, who is assigned to the East Side tactical division of the Houston
Police Department, testified that, on May 22, 2003, he was working with a prostitution sting
operation. Officer Zepeda testified that the following events occurred on that day. Zepeda
was wearing plain clothes and driving an unmarked car southbound on Telephone Road when
he saw appellant walking northbound on the opposite shoulder of the road. Zepeda waved
at appellant, and she waved back and then motioned for him to come over to where she was. 
Zepeda made a u-turn and pulled off the road near appellant. He rolled down the passenger
window and started a conversation with appellant. She said she needed a ride and got in the
car. They talked some more and appellant said what she really needed was to make some
money. Zepeda assumed that appellant was offering to have sex for money and proceeded
to try to find out what she would charge for different activities. 
           At one point, appellant asked Zepeda if he was a cop. He said that he was not, and,
because she seemed to remain skeptical, he asked her if she was a cop. She said that she was
not and then pulled her blouse down and exposed her left breast. She asked him to show her
his “dick,” and he refused, saying that the last time he did that, he got arrested. After more
conversation, he asked what it was going to cost him. She did not state an amount, but made
gestures with her hands. He would suggest an amount, and she would say “higher” or
“lower” or use hand gestures. At one point, trying to guess the meaning of her hand gestures,
he said, “$40?” and she nodded her head. He said that was too expensive, and they kept
bargaining. He told her that he was asking for “straight sex . . . regular intercourse.” Finally,
she said, “I have to make something, you know, $30.” 
           Appellant told Zepeda to pull into the parking lot of an adult video bookstore and said
there was a room they could use. He asked if the room would cost him more, and she told
him, “ No, they let us do that here.” At that time, the marked police cars, who had received
Zepeda’s “bust signal,” pulled up and got Zepeda and appellant out of the car. As the police
cars were approaching, Zepeda continued to play his role by acting panicked and saying,
“Man, this can’t be happening, there is no way. I don’t want to go to jail.” Appellant told
him, “Don’t worry, relax,” and “Give me your name so I can tell them, so they don’t think
we are lying.” Zepeda testified that, based on his training and experience, he thought
appellant had “agreed to perform straight sex for a fee.” 
           On cross-examination, Zepeda testified that this type of vice operation occurred about
every other month and that he was the undercover officer about every other time. He
testified that he was the one who initiated the discussion of sex and of paying for sex and that
appellant’s participation in the conversation was often with hand gestures or nodding her
head. He said that he drove around the area as they were talking and that the entire
transaction lasted about 10 or 15 minutes. He stated that he wrote the incident report, upon
which he relied at trial for many of the details of his testimony, about three and one-half
hours after the incident. 
DISCUSSION
Standard of Review
           In reviewing the evidence on legal sufficiency grounds, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
           In reviewing the evidence on factual sufficiency grounds, all of the evidence as a
whole must be reviewed neutrally, not in the light most favorable to the prosecution. 
Johnson v.State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of Criminal Appeals has
recently stated the following standard for a factual sufficiency review:
There is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally justified
in finding guilt beyond a reasonable doubt? However, there are two ways in
which the evidence may be insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt. Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict. Weighing all evidence under
this balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient to prove
the elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004). In a factual
sufficiency review, the appellate court should not substitute its own judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.Crim. App. 1996). 
            Under both legal and factual sufficiency, the jury is the exclusive judge of the facts,
the credibility of the witnesses, and the weight to be given to the witnesses’ testimony. 
Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.] 2003, pet. ref’d). 
The jury may believe all, some, or none of any witness’s testimony. See Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that jury “could choose to believe or not
believe the witnesses, or any portion of their testimony”). 
Legal Sufficiency
           In her first point of error, appellant contends that the evidence was legally insufficient
to support her conviction for prostitution. Under the indictment, the State had the burden to
prove beyond a reasonable doubt that appellant knowingly agreed to engage in sexual
intercourse with Zepeda for a fee. According to appellant, the State did not “present
satisfactory evidence” that appellant made a “knowing agreement for sexual intercourse.” 
Appellant argues that the testimony shows only that she agreed to make money, and that only
Zepeda talked about sex during the interaction between them. 
           Zepeda testified that he initiated the discussion of sex for money, that appellant 
negotiated the price through the use of hand gestures and by saying “higher” or “lower,” that
Zepeda stated he was looking for “straight sex” or “regular intercourse,” and that after
appellant said the price would be $30, she directed him to a parking lot and said the adult
video bookstore had a room they could use and that the room would not cost him anything. 
Thus, Zepeda’s testimony was evidence that appellant participated in negotiating a fee and
knew that the fee was to be paid for sexual intercourse. We hold that Zepeda’s testimony
was legally sufficient to support a jury finding that appellant made a knowing agreement to
engage in sexual intercourse for a fee. 
           We overrule appellant’s first point of error. 
Factual Sufficiency
           In her second point of error, appellant contends that the evidence was factually
insufficient to support her conviction for prostitution. Appellant argues that Zepeda’s
testimony was “disconnected, disjointed and confusing” and merely raised a suspicion that
an agreement for “straight sex” was reached. Appellant generally refers to her discussion
under her first point of error and offers no specific examples of testimony that was
disconnected, disjointed, or confusing. In addition, appellant does not direct us to any
portion of Zepeda’s testimony that should be weighed, in a neutral review, against the
evidence supporting appellant’s guilt.
           We have reviewed Zepeda’s testimony and conclude that he merely responded to the
questions asked, both on direct and cross-examination. Furthermore, Zepeda’s testimony was
the only evidence concerning the transaction between him and appellant, and the jury was
entitled to believe his testimony. We conclude that the evidence was factually sufficient to
support appellant’s conviction. 
           We overrule appellant’s second point of error.
CONCLUSION
           We affirm the judgment.
 
                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).